IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JESSE BENJAMIN ARTIS, § | |
| TDCJ-CID NO.788779, § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-06-1396 |
| BRAD LIVINGSTON, § | |
| Defendant. § | |

OPINION ON DISMISSAL

Plaintiff, a *pro se* state inmate, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging a disciplinary proceeding. Because his claims sound in habeas and under 42 U.S.C. § 1983, the Court severed the civil rights claims from the habeas action and on April 21, 2006, ordered plaintiff to file an amended civil rights complaint within thirty days of entry of the Order. (Docket Entry No.1). On May 18, 2006, plaintiff filed a motion for a sixty day extension to file the amended complaint because he was incarcerated in solitary confinement without access to his legal materials and the law library. (Docket Entry No.6). On May 19, 2006, the Clerk notified plaintiff that his complaint was deficient because he had not submitted the $350.00 filing fee or an application to proceed *in forma pauperis* and a certified copy of his inmate trust fund account statement. (Docket Entry No.5). The Clerk instructed plaintiff to submit the fee or application within thirty days and cautioned plaintiff that his failure to comply timely may result in dismissal for want of prosecution. (*Id.*). On July 5, 2006, the Court granted plaintiff's motion for an extension and ordered plaintiff to file an amended complaint and to comply with the Clerk's deficiency notice no later than July 19, 2006. (Docket Entry No.7).

The deadline to comply with the Court's Order of July 5, 2006, has expired and plaintiff has failed to comply. The Court's order specifically provided that "[p]laintiff's failure to comply as

directed may result in dismissal of this case for want of prosecution." Plaintiff's failure to pursue this action forces the Court to conclude that she lacks due diligence.

Therefore, under the inherent powers necessarily vested in a court to manage its own affairs, this Court determines that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Woodson v. Surgitek, Inc.,* 57 F.3d 1406, 1417 (5th Cir. 1995). The plaintiff is advised, however, that upon a proper showing, relief from this order may be granted in accordance with Rule 60(b) of the Federal Rules of Civil Procedure.

Accordingly, it is ORDERED that this action be DISMISSED without prejudice for want of prosecution. All pending motions, if any, are DENIED.

The Clerk will provide a copy of this Order to all parties.

SIGNED at Houston, Texas, on July 31, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

2